EXHIBIT

1.10

STATE OF MAINE                                                    SUPERIOR COURT
YORK, ss                                                          CIVIL ACTION
                                                                 DOCKET NO: CV- /5-42

                              RECEIVED STATE OF MAINE

MALATHY SUNDARAM,              2015 MAR   4   AM 11 59

            Plaintiff         YORK COUNTY CLERKS OFFICE

                                   )
vs.                                )                 COMPLAINT
                                   )
COVERYS, PROSELECT INSURANCE   )
COMPANY, and                       )
INTEGRATED INSURANCE           )
SOLUTIONS,                         )
                                   )
            Defendants             )

       NOW COMES Plaintiff Malathy Sundaram, and pursuant to the Maine Rules of Civil

Procedure, complains against Defendants COVERYS, ProSelect Insurance Company and

Integrated Insurance Solutions as follows:

                                    **FACTS**

       1.      Malathy Sundaram is a medical doctor licensed to practice in the State of Maine.

Dr. Sundaram carries on her practice at 312 Cottage Street, Suite A, Sanford, Maine 04073.

       2.      COVERYS is a group of insurance carriers, based in the State of Massachusetts,

providing, among other things, professional liability policies and, in particular, medical

professional liability policies.  Among the COVERYS companies is ProSelect Insurance

Company, also based in the State of Massachusetts.

       3.      Acting through or on behalf of Defendant ProSelect Insurance Company,

COVERYS, and ProSelect Insurance Company issue medical professional liability policies in the

State of Maine.

       4.      COVERYS, and/or ProSelect Insurance Company issued Policy No. 2-20191, as

well as a former policy under the same policy number, to Dr. Sundaram. The current policy,

                                         1

hereinafter referred to as the "ProSelect Policy," provides insurance coverage from May 15, 2014 to May 15, 2015. That policy renewed a prior medical professional liability policy issued by ProSelect Insurance Company to Dr. Sundaram with a policy period from May 15, 2013 to May 15, 2014.

5.      The producer for the ProSelect Policy, and whose name is included on the declarations page for the ProSelect Policy, is Integrated Insurance Solutions of 1881 Worcester Road, Ste 101, Framingham, Massachusetts 01701.

6.      Integrated Insurance Solutions provided insurance services to Dr. Sundaram in placing her medical professional liability policy, including assisting Dr. Sundaram in obtaining the ProSelect Policy referenced above.

7.      Mr. Carl Getman is a senior vice president at Integrated Insurance Solutions, and at all times pertinent hereto, he acted in the course and scope of his employment with Integrated Insurance Solutions, and as an agent of COVERYS and/or ProSelect Insurance Company.

8.      On January 28, 2014 Gregory O. McCullough, on behalf of Christine McCullough, wrote to Dr. Sundaram, asserting a claim against her. A copy of the McCullough letter is attached hereto and made a part hereof as Exhibit A.

9.      In early February, 2014, Dr. Sundaram contacted her insurance agents, including Mr. Getman as the representative of both Integrated Insurance Solutions, COVERYS, and ProSelect Insurance Company.

10.      In a telephone conversation in the first week of February of 2014, Mr. Getman advised Dr. Sundaram and her husband that the claims asserted did not constitute malpractice and that the ProSelect Policy did not provide coverage for the McCullough claim.

2

11.     On April 24, 2014, Dr. Sundaram again contacted Mr. Getman, her mutual agent, in an attempt to make a claim under the ProSelect Policy with regard to the McCullough claim. She was again advised by Mr. Getman that there was no coverage and that she should therefore not further pursue insurance coverage under the ProSelect Policy.

12.     Subsequently, on June 24, 2014, Mr. McCullough filed a complaint on behalf of Christine McCullough against Dr. Sundaram.  A copy of that complaint is attached hereto and made a part hereof as Exhibit B.

13.     Dr. Sundaram, through counsel, submitted the complaint to ProSelect Insurance Company and COVERYS for a defense and indemnification.

14.     ProSelect Insurance Company and COVERYS have, repeatedly, denied coverage to Dr. Sundaram for the McCullough complaint.

## COUNT I – BREACH OF CONTRACT- DEFENDANTS COVERYS AND PROSELECT INSURANCE COMPANY

15.     Plaintiff realleges and reasserts the allegations contained in Paragraphs 1 through 14 of the Complaint as if more fully set forth herein.

16.     The ProSelect Policy is attached hereto and made a part hereof as Exhibit C.

17.     Exhibit C states, in relevant part, that COVERYS/ProSelect Insurance Company will provide a defense and indemnification to Dr. Sundaram for "a CLAIM for an INCIDENT in the performance of PROFESSIONAL SERVICES by YOU or someone for whom YOU are legally responsible."

18.     The ProSelect Policy provides that "a CLAIM is a written demand made or SUIT brought against an INSURED for DAMAGES including:  (a) a demand received by an INSURED for DAMAGES as a result of an INCIDENT."

19.    The ProSelect Policy further defines the term "INCIDENT" to mean "any negligent act, error or omission including repeated exposure to the same negligent act, error or omission."

20.    PROFESSIONAL SERVICES is defined by the ProSelect Policy to mean only the following: "(a) medical, surgical, dental or nursing treatment performed in the INSURED'S specialty described in the DECLARATIONS."

21.    The McCullough claim arises out of actions taken by Dr. Sundaram in the provision of medical services to her patient, S. MacN.

22.    Defendant COVERYS and Defendant ProSelect Insurance Company are, by the terms of the ProSelect Policy, required to defend and indemnify her against the McCullough claims.

23.    Defendant COVERYS and Defendant ProSelect Insurance Company have breached their contractual obligations to Dr. Sundaram by refusing to either defend and/or to indemnify Dr. Sundaram against the McCullough claims.

24.    Despite repeated requests by Dr. Sundaram, Defendant COVERYS and Defendant ProSelect Insurance Company continue to refuse to defend and/or indemnify her against the McCullough claims, thus further breaching their contractual obligations to her.

25.    As a result of the foregoing, Dr. Sundaram has been damaged, in that she has been required to expend significant sums to investigate and defend herself against the McCullough claims, and further has been denied a meaningful opportunity to resolve the McCullough claims against her.

WHEREFORE, Dr. Sundaram demands judgment in her favor and against Defendants COVERYS and ProSelect Insurance Company for an amount reasonable on the premises, together with interest, costs and attorney's fees.

## COUNT II – ESTOPPEL- DEFENDANTS COVERYS AND PROSELECT INSURANCE COMPANY

26.     Plaintiff realleges and reasserts the allegations contained in Paragraphs 1 through 25 of the Complaint as if more fully set forth herein.

27.     Pursuant to 24-A M.R.S.A. § 2422, an agent authorized by an insurer, if the name of the agent is borne on the policy, is the insurer's agent in all matters of insurance and any notice required to be given by the insured to the insurer or any of its officers may be given in writing to such agent. Further, such an agent shall be regarded in the place of the insurer in all respects regarding any insurance effected by that agent. The insurer is bound by his knowledge of the risk and matters connected therewith. Omissions and misdescriptions known to the agent shall be regarded as known to the insurer and waived by it as if noted in the policy.

28.     Integrated Insurance Solutions is an agent authorized by COVERYS and/or ProSelect Insurance Company and its name is borne on the face of ProSelect Policy. Accordingly, COVERYS and ProSelect Insurance Company are bound by the actions of Integrated Insurance Solutions and by the knowledge of Integrated Insurance Solutions with regard to insurance matters relating to Dr. Sundaram.

29.     Dr. Sundaram acted reasonably in attempting to report the McCullough claim to COVERYS and ProSelect Insurance Company through their agent, Integrated Insurance Solutions.

30.     As a result of the communications between Dr. Sundaram and Integrated Insurance Solutions, including Integrated Insurance Solutions' senior vice president, Carl Getman, Defendant COVERYS and Defendant ProSelect Insurance Company is now estopped to deny coverage to Dr. Sundaram for the McCullough claims.

31.     Dr. Sundaram acted reasonably in relying upon the advice and information supplied to her by Integrated Insurance Solutions on behalf of Defendant COVERYS and Defendant ProSelect Insurance Company.

32.     Defendants COVERYS and ProSelect Insurance Company are therefore estopped to deny coverage for the McCullough claims to Dr. Sundaram pursuant to ProSelect Policy, and Defendants COVERYS and ProSelect Insurance Company's continued denial of coverage to Dr. Sundaram is a breach of their contractual obligations to her.

33.     Dr. Sundaram suffered damage as a result of the breach of Defendants COVERYS and ProSelect Insurance Company as set forth in Count I above.

WHEREFORE, Dr. Sundaram demands judgment in her favor and against Defendants COVERYS and ProSelect Insurance Company, that Defendants are estopped to deny coverage to Dr. Sundaram for the McCullough claim, and further, as a result of their breach, for an award of damages, together with costs, including attorney's fees and costs, and such other and further relief as this court deems appropriate.

## COUNT III – DECLARATORY JUDGMENT-DEFENDANTS COVERYS AND PROSELECT INSURANCE COMPANY

34.     Plaintiff realleges and reasserts the allegations contained in Paragraphs 1 through 33 of the Complaint as if more fully set forth herein.

35.     There is a dispute between Dr. Sundaram and Defendants COVERYS and ProSelect Insurance Company as to the rights and obligations of the insurers to defend and indemnify Dr. Sundaram against the McCullough claims.

36.     Dr. Sundaram is entitled to a declaratory judgment of the rights and obligations of Defendants COVERYS and ProSelect Insurance Company with regard to their obligations to defend and indemnify Dr. Sundaram against the McCullough claim pursuant to the Maine Declaratory Judgment Act, 14 M.R.S. §§ 5951-5963.

WHEREFORE, Plaintiff Dr. Sundaram demands a declaratory judgment in her favor and against Defendants COVERYS and ProSelect Insurance Company, declaring that:

(1)     Defendants COVERYS and ProSelect Insurance Company are required to defend Dr. Sundaram against the claim and lawsuit of Christine McCullough;

(2)     Defendants COVERYS and ProSelect Insurance Company are required to reimburse Dr. Sundaram for all costs incurred by her in defending and investigating the claims of Christine McCullough against her;

(3)     Defendants COVERYS and ProSelect Insurance Company are required to indemnify Dr. Sundaram against any settlements paid and/or judgments imposed against her in favor of Christine McCullough with regard to the pending litigation;

(4)     For such further and other relief as is appropriate, including a declaration that Dr. Sundaram is entitled to recover her costs and expenses, including attorney's fees in bringing this action to determine the obligations of Defendants COVERYS and ProSelect Insurance Company to defend and indemnify her with regard to the McCullough claim.

## COUNT IV – NEGLIGENT MISREPRESENTATION- DEFENDANT INTEGRATED INSURANCE SOLUTIONS

37.     Plaintiff realleges and reasserts the allegations contained in Paragraphs 1 through 36 of the Complaint as if more fully set forth herein.

38.     Integrated Insurance Solutions and Senior Vice President Carl Getman, provided information to Dr. Sundaram with regard to her insurance claims against the COVERYS and/or ProSelect Insurance Company for coverage against the McCullough claims.

39.     The information and advice provided by Integrated Insurance Solutions and Mr. Getman was provided in the course of its and his business profession and employment and was in conjunction with a transaction in which it and he had a pecuniary interest.

40.     In advising Dr. Sundaram that she did not have coverage for the McCullough claims under the COVERYS and/or ProSelect Insurance Company coverage and that she should not therefore pursue a claim against COVERYS and/or ProSelect Insurance Company for the McCullough claims, Integrated Insurance Solutions and Mr. Getman provided false information to Dr. Sundaram.  Further, this false information was provided for her guidance in her business transactions, and more particularly, in her attempts to pursue insurance coverage for the McCullough claims under the ProSelect Policy.

41.     Dr. Sundaram justifiably relied upon the information provided by Integrated Insurance Solutions and Mr. Getman.

42.     Dr. Sundaram has suffered pecuniary loss as the result of her reliance on the false information provided to her by Integrated Insurance Solutions and Mr. Getman.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant Integrated Insurance Solutions for an amount reasonable in the premises, together with such other and further relief, including attorney's fees, as the court may deem appropriate.

## COUNT V – BREACH OF CONTRACT- DEFENDANT INTEGRATED INSURANCE SOLUTIONS

43.     Plaintiff realleges and reasserts the allegations contained in Paragraphs 1 through 42 of the Complaint as if more fully set forth herein.

44.     Defendant Integrated Insurance Solutions contractually obligated to provide accurate and appropriate information to Dr. Sundaram with regard to the ProSelect Policy issued through Integrated Insurance Solutions as a producer.

45.     Integrated Insurance Solutions breached its contractual obligation to Dr. Sundaram to provide her with accurate and appropriate information with regard to her insurance policies.

46.     As a result of the breach by Defendant Integrated Insurance Solutions, Dr. Sundaram has suffered pecuniary and other damages.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant Integrated Insurance Solutions for an amount reasonable in the premises, together with such other and further relief, including attorney's fees, as the court may deem appropriate.

## COUNT VI – NEGLIGENCE- DEFENDANT INTEGRATED INSURANCE SOLUTIONS

47.     Plaintiff realleges and reasserts the allegations contained in Paragraphs 1 through 46 of the Complaint as if more fully set forth herein.

48.     In failing to provide accurate and appropriate insurance information to Dr. Sundaram with regard to her potential for coverage against the McCullough claims under the ProSelect Policy, Defendant Integrated Insurance Solutions acted negligently as to Dr. Sundaram.

49.     As a result of the negligence of Integrated Insurance Solutions, Dr. Sundaram has suffered damage, including the potential loss of insurance coverage, legal expense and related costs to defend against the McCullough claims, and potential personal exposure for any judgment awarded to or settlement payment made to Christine McCullough.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant Integrated Insurance Solutions for an amount reasonable in the premises, together with such other and further relief, including attorney's fees, as the court may deem appropriate.

Dated at Portland, Maine, this 3rd day of March, 2015.

James M. Bowie, Esq.; Bar No. 185
Hillary J. Bouchard, Esq.; Bar No. 4136
Attorneys for Plaintiff

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P. O. Box 4630
Portland, ME  04112
(207) 774-2500

10